WBEN, INC., Appellant

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee,

Monocacy Broadcasting Company, Intervenor.

No. 16017.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 27, 1961.

Decided May 4, 1961.

Mr. Robert L. Heald, Washington, D. C., with whom Messrs. Frank U. Fletcher, and Henry R. Goldstein, Washington, D. C., were on the brief, for appellant. Mr. Edward F. Kenehan, Washington, D. C., also entered an appearance for appellant.

Mr. James T. Brennan, Jr., Counsel, Federal Communications Commission, with whom Messrs. John L. FitzGerald, Gen. Counsel of the Federal Communications Commission at the time the brief was filed, Max D. Paglin, now Gen. Counsel, Federal Communications Commission, and Mrs. Ruth V. Reel, Counsel, Federal Communications Commission, were on the brief, for appellee.

Mr. John P. Southmayd, Washington, D. C., for intervenor.

Before WILBUR K. MILLER, Chief Judge, and EDGERTON and BAZELON, Circuit Judges.

BAZELON, Circuit Judge.

Our intervenor, Monocacy Broadcasting Company, licensed to operate radio station WFMD in Frederick, Maryland, on 930 kc with 1 kw day and night, filed an application to increase its daytime authorization to 5 kw. Our appellant, licensed to operate station WBEN at Buffalo, New York, on the same frequen-

cy with 5 kw power, unlimited time, requested that the application be designated for hearing under § 316 of the Federal Communications Act.[1] It alleged that such a grant would constitute a modification of its license because § 3.87(a) of the Commission's rules and regulations[2] permits operation of daytime facilities between 4:00 a. m. and local sunrise, and that such operation by the intervenor at the increased power would result in objectionable interference within appellant's normally protected contour. In opposing the requested hearing, the intervenor did not deny that it planned such operations. On September 7, 1960, the Commission granted intervenor's application and denied appellant's request for a hearing.

In this appeal the Commission concedes appellant's claim of potential interference but it contends nevertheless that (1) there is no modification because there has been no showing that intervenor intends to utilize its authority under § 3.87(a); and (2) if intervenor does so operate and undue interference ensues, the Commission will order it to refrain as provided in § 3.87(b).[3]

We think the Commission is in error. Even though intervenor might not choose to avail itself of this privilege, we think its authority to do so is a modification of appellant's license within the meaning of § 316 of the Communications Act and consequently requires a hearing. "[M]odification * * * of an outstanding license may occur * * * through *extension* to another station of broadcasting facilities which will cause interference to the outstanding station within its lawfully protected contour * * *." L. B. Wilson, Inc. v. Federal Communications Comm., 1948, 83 U.S.App.D.C. 176, 182, 170 F.2d 793, 799, emphasis supplied. The Commission's unconditional grant of a construction permit to intervenor, entailing authorization under § 3.87(a) to engage in presunrise operations with its increased facilities, constitutes an *extension* of broadcasting facilities which, if used, will concededly cause undue interference to appellant. And it is no less a modification within the meaning of § 316 because the authority to broadcast prior to sunrise with increased daytime facilities is subject to the power reserved by the Commission in § 3.87(b) to order cessation when undue interference ensues.

The Commission's reliance on Music Broadcasting Co. v. Federal Communications Comm., 1954, 95 U.S.App.D.C. 12, 217 F.2d 339, is misplaced. There, the Commission withdrew the presunrise authority of a broadcaster licensed only for daytime hours, whose operations thereunder caused interference with a station licensed for nighttime broadcast-

1. 47 U.S.C.A. § 316(a) (1960 Cum.Supp.) reads as follows:
   "Any station license or construction permit may be modified by the Commission either for a limited time or for the duration of the term thereof, if in the judgment of the Commission such action will promote the public interest, convenience, and necessity, or the provisions of this chapter or of any treaty ratified by the United States will be more fully complied with. No such order of modification shall become final until the holder of the license or permit shall have been notified in writing of the proposed action and the grounds and reasons therefor, and shall have been given reasonable opportunity, in no event less than thirty days, to show cause by public hearing, if requested, why such order of modification should not issue: *Provided,*

That where safety of life or property is involved, the Commission may by order provide for a shorter period of notice."

2. 47 C.F.R. § 3.87(a) (1958) reads in pertinent part:
   "The provisions of §§ 3.6, 3.8, 3.9, 3.10, 3.23, 3.79, and 3.84 shall not prevent the transmission of programs between 4 o'clock a.m., local standard time, and local sunrise, of standard broadcast stations with their authorized daytime facilities * * *."

3. 47 C.F.R. § 3.87(b) (1958) reads as follows:
   "Any station operating during such hours receiving notice from the Commission that undue interference is caused shall refrain from such operation during such hours pending further notice from the Commission."

ing. We held that the withdrawal did not effect a modification of the broadcaster's license within the meaning of § 316 of the Act since the authorization was subject to withdrawal. In the present case, however, appellant's right to engage in presunrise operations is not subject to such withdrawal since the authority is derived from its unconditional license grant and not from § 3.87(a) of the Commission's rules. Consequently, the Commission's action in this instance is a modification upon which a hearing is required by § 316 of the Communications Act. Federal Communications Comm. v. National Broadcasting Co. (KOA), 1943, 319 U.S. 239, 63 S.Ct. 1035, 87 L.Ed. 1374.

On the remand we now order, the Commission may either hold the § 316 hearing requested by appellant or modify the intervenor's construction permit to avoid objectionable interference with appellant's operations.

So ordered.